**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION**

| | | |
|---|---|---|
| **PETER MEROLA,** | § | |
| | § | |
| **Plaintiff,** | § | |
| | § | |
| **v.** | § | **CIVIL ACTION NO. 4:23-cv-00389** |
| | § | |
| **TEXAS CHRISTIAN UNITVERSITY,** | § | |
| | § | |
| **Defendant.** | § | |

<u>**DEFENDANT'S NOTICE OF REMOVAL**</u>

Pursuant to 28 U.S.C. §§ 1331, 1441(a) and (c), and 1446, Defendant Texas Christian University removes this action brought by Plaintiff Peter Merola in the 48th Judicial District Court of Tarrant County, Texas and states:

**BACKGROUND**

1.      Plaintiff filed a Petition (the "Original Petition") on January 4, 2023 in the 48th Judicial District, Tarrant County, Texas, where his Original Petition was assigned Case Number 048-339378-23 ("State Court Action").

2.      Defendant received service of the Original Petition on March 21, 2023. This Notice of Removal, together with all process, pleadings, and orders served on Defendant, or otherwise on file in the State Court Action, are being filed in this Court within 30 days after the initial service of citation on Defendant. The removal is therefore timely under 28 U.S.C. § 1446(b).

3.      Pursuant to Local Rule 81.1, an index of the documents filed in the State Court Action, the State Court Docket Sheet, and copies of all documents filed in the State Court Action, other than discovery, are attached hereto as *Exhibit A*. Defendant's Certificate of Interested

Persons will be filed separately. A Notice of Removal is also being filed with the Clerk of the State Court in which the action was filed.

4.      In his Original Petition, Plaintiff claims he faced discrimination at work due to a disability under the federal Americans with Disabilities Act. *See Plaintiff's Original Petition.* Plaintiff further alleges Defendant failed to provide a reasonable accommodation at his request, and retaliated against him after he made the request. *Id.* Lastly, Plaintiff brings an improper and untimely claim under Chapter 21 of the Texas Commission on Human Rights Act ("TCHRA") in which he alleges he faced a hostile work environment due to being mocked for his disability. *Id.* at ¶¶ 28-32.

5.      Plaintiff asserts he ultimately resigned from his position after working for Defendant from August 12, 2019 to May 4, 2020. *Id.* at ¶¶ 20-21.

## GROUNDS FOR REMOVAL – FEDERAL QUESTION JURISDICTION

6.      This Court has jurisdiction over the State Court Action pursuant to 28 U.S.C §§ 1331 and 1441(a) and (c) because it is a civil action arising under the laws of the United States for which the federal district court has original jurisdiction. To determine whether it has federal jurisdiction over a removed case, a court must consider the claims in the state court petition as they existed at the time of removal. *Watkins v. Salem Carriers Inc.*, 2020 WL 3420975, *2 (N.D.Tex. May 12, 2020), *citing Manguno v. Prudential Prop. & Cas. Ins. Co.*, 276 F.3d 720, 723 (5th Cir. 2002).

7.      Plaintiff has expressly asserted claims under federal law, namely, the Americans with Disabilities Act ("ADA"), 42 U.S.C. § 12112, *et seq.* (*Original Petition*, including ¶¶ 17-27). Federal courts have federal question jurisdiction over ADA claims. *Watkins*, 2020 WL 3420975 at *3, *citing Zamora v. GC Servs., L.P.*, 647 F.App'x 330, 331 (5th Cir. 2016).

8.      As stated within the four corners of Plaintiff's Original Petition, this Court retains original jurisdiction over the federal questions raised in the ADA. *Id.*

9.      Furthermore, although Defendant asserts any state law claims are untimely and improperly joined, this Court nevertheless retains original jurisdiction over <u>all</u> claims due to its original jurisdiction over the claims arising under the ADA:

> "**Joinder of Federal law claims and State law claims**.
> (1) If a civil action includes –
>> (A) a claim arising under the Constitution, laws, or treatises of the United States (within the meaning of section 1331 of this title), and
>> (B) a claim not within the original or supplemental jurisdiction of the district court or a claim that has been made nonremovable by statute,
> the entire action may be removed if the action would be removable without the inclusion of the claim described in subparagraph (B)."

28 U.S.C. § 1441(c).

## PLAINTIFF'S STATE LAW CLAIMS ARE IMPROPERLY JOINED

10.     In addition to the Court having supplemental jurisdiction over all Plaintiff's claims, the Court also need not sever or remand any claims brought by Plaintiff under state law because the state law claims are improperly joined due to being time-barred, therefore subject to dismissal by the Court. Given Plaintiff's claims under the TCHRA are improperly joined, and even absent the Court's supplemental jurisdiction over them, the inclusion of the claims by Plaintiff do not defeat the removability of this action.

11.     A removing party may establish the improper joinder of claims by either "(1) actual fraud in the pleading of jurisdictional facts, or (2) the plaintiff's inability to establish a cause of action in state court against the party or claim alleged to be improperly joined." *Rawls v.*

*Old Republic General Insurance Group, Inc.*, 489 F.Supp.3d 646, 653 (S.D. Tex. 2020) (internal citations omitted). In determining a plaintiff's inability to establish a cause of action in state court, courts tend to conduct an analysis similar to that of a Rule 12(b)(6) motion. *Smallwood v. Ill Cent. R.R. Co.*, 385 F.3d 568, 573 (5th Cir. 2004). Even so, courts have the discretion to "pierce the pleadings and conduct a summary inquiry" in order to determine if the claim has been improperly joined so as to defeat jurisdiction. *Rawls*, 489 F.Supp.3d at 654, *citing Smallwood*, 385 F.3d at 573. If a plaintiff has no possibility of recovery, "the Court must dismiss the claim as improperly joined." *Rawls*, 489 F.Supp.3d at 654.

12.    In this case, Plaintiff includes an action for a hostile work environment based on his disability under the Texas Commission on Human Rights Act, Chapter 21 of the Texas Labor Code. (Original Petition at ¶¶ 28-32). The deadline to file an administrative complaint for claims under the Texas Labor Code remains 180 days, regardless of the deadline to file a charge with the Equal Employment Opportunity Commission ("EEOC").[1] *See Walker v. Univ. of Texas Sw. Med. Ctr.*, 638 F.App'x 394, 394-395 (5th Cir. 2016) (plaintiff "was required to file a charge of discrimination within 180 days of the discriminatory act under the Texas Labor Code…."); *Quick v. VistaCare, Inc.*, 864 F.Supp.2d 492, 496 (N.D.Tex. 2012) ("Under the TCHRA, a plaintiff is required to file her charge within 180 days of the date of the alleged discrimination, and under Title VII, the deadline is 300 days….Thus, her TCHRA claim is time barred."); *Martin v. Kroger*

---

[1] Additional Courts have held the 180-day deadline applies to state actions, including decisions in the Northern District of Texas. *Ryan v. Wells Fargo, N.A.*, Civ. Action No. 3:21-CV-2627-D, 2022 WL 256503, *2-3 (N.D.Tex. Jan. 27, 2022) (Texas provides a state administrative mechanism to address claims of employment discrimination, for which a complaint under the TCHRA must be filed no later than the 180th day after the date the alleged unlawful employment practice occurred) (mem. op.), *citing* TEX. LAB. CODE § 21.202(a); *Clark v. Champion Nat'l Sec., Inc.*, No. 3:17-CV-1802-C, 2018 WL 10582163, *3 (N.D.Tex. Nov. 14, 2018), *aff'd*, 952 F.3d 570 (5th Cir. 2020) (applying the limitation imposed by the Texas Labor Code to dismiss as time-barred the state law claims arising more than 180 days before the EEOC charge); *Abrams v. American Airlines, Inc.*, 2007 WL 9775358, *2 (N.D.Tex. Aug. 30, 2007) (the 180-day limitation period applies to state law discrimination claims).

*Co.*, 65 F.Supp.2d 516, 531 (S.D. Tex. 1999), *aff'd* 224 F.3d 765 (5th Cir. 2000) ("State law claims of employment discrimination are time-barred when filed after the 180-day period, while the same claims brought under federal law would be timely if filed within 300 days of the alleged discriminatory conduct."). The time limit for filing a complaint with the [state] Commission is mandatory. *Martin*, 65 F.Supp.2d at 530-31; *Ryan*, 2022 WL 256503 at *2.

13.     The Texas Labor Code further requires that "[a] civil action may not be brought under this subchapter later than the second anniversary of the date the complaint relating to the action is filed." TEX. LABOR CODE § 21.256. In other words, the Texas Labor Code requires lawsuits to be filed within two years of the date the charge was filed, and courts have dismissed claims for the failure to do so. *Neal v. Malakoff Indep. Sch. Dist.*, No. 6:21-CV-00151-JCB, 2021 WL 3027337, *4 (E.D. Tex. May 11, 2021); *United Indep. Sch. Dist. v. Mayers*, __ S.W.3d __, 2023 WL 2004407, *3 (Tex.App. – San Antonio Feb. 15, 2023) (unpublished) (TCHRA claims filed more than two years after the administrative complaint made the claims "time-barred as a matter of law"). The two-year deadline to file suit is mandatory and jurisdictional. *Lottinger v. Shell Oil Co.*, 143 F.Supp.2d 743, 753 (S.D. Tex. 2001).

14.     Although Plaintiff omitted the details to show whether he timely preserved his state law actions by meeting the deadlines under the Texas Labor Code, when his latest possible deadline is combined with the deadline to file a lawsuit under the Texas Labor Code, it becomes apparent Plaintiff has missed one or both deadlines.

15.     Plaintiff's Original Petition admits his employment ended May 4, 2020. (*Original Petition*, ¶¶ 20-21). His last date to file a charge of discrimination under the Texas Labor Code for TCHRA claims expired at least by November 2, 2020 (the first business day after 180 days from the date of the alleged act). If Plaintiff had timely filed a charge by November 2, 2020, his last

available date to file a lawsuit expired at least by November 2, 2022.[2] Plaintiff did not file this suit until January 4, 2023, well beyond the two-year filing deadline in the Texas Labor Code. Thus, it is clear from the face of the Original Petition that Plaintiff's claims under state law are time-barred by the late filing of this civil action.[3] The state law claims have been improperly joined to the (removable) federal action.

16.    As Plaintiff has no possibility of recovery under his state law claims, the claims are improperly joined and do not defeat federal question jurisdiction. No claims should be severed or remanded, and the state law claims are futile.

17.    Alternatively, Plaintiff's state law claims (if any survive) should not be severed and remanded because federal court jurisdiction exists over an entire action, including state law claims, when the federal and state law claims "derive from a common nucleus of operative fact" and are "such that [a plaintiff] would ordinarily be expected to try them all in one judicial proceeding." *Quick v. VistaCare, Inc.*, 864 F.Supp.2d 492, 496 (N.D.Tex. 2012) (internal citations omitted). Consequently, a federal court should consider and weigh in each case the values of judicial economy, convenience, fairness, and comity to decide whether to exercise jurisdiction over a case involving pendent state law claims. *Id.* Here, given the common nucleus of operative facts between the claims of disability discrimination claim under the ADA, and retaliation and/or harassment for Plaintiff's disability under the Texas Labor Code, this Court should exercise jurisdiction over the related state law claims, should any survive dismissal.

---

[2] Plaintiff's deadline to file suit fell even earlier than November 2, 2022 in this case, but the calculation here is done for purposes to show the Court the deadline had certainly passed based on the contents of the Petition.
[3] Defendant reserves its right to file a separate dispositive motion in the unlikely event any state court action survives.

## CONCLUSION

THEREFORE, based on 28 U.S.C. §§ 1331, 1441(a) and (c), and 1446, and in consideration of Plaintiff's state law claims being improperly joined, Defendant respectfully removes *Peter Merola v. Texas Christian University.*, Cause No. 048-339378-23, pending in the 48th Judicial District, Tarrant County, Texas to this Honorable Court.

DATED:  April 20, 2023

Respectfully submitted,

*/s/ Eva Turner*
Eva W. Turner
Texas Bar No. 24051485
Eva.Turner@ogletree.com
Molly Ann Lawrence
Texas Bar No. 24083365
mollyann.lawrence@ogletree.com
**OGLETREE, DEAKINS, NASH, SMOAK &
STEWART, P.C.**
8117 Preston Road, Suite 500
Dallas, Texas  75225
(214) 987-3800
(214) 987-3927 (Fax)

**ATTORNEYS FOR DEFENDANT**

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on April 20, 2023, the foregoing document was electronically filed with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to Plaintiff's counsel:

Ali Crocker Russell
Crocker Russell & Associates
2401 Callender Road, Suite 103
Mansfield, Texas 76063

*/s/ Eva Turner*
Eva W. Turner

EXHIBIT A

**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION**

| | | |
|---|---|---|
| **PETER MEROLA,** | § | |
| | § | |
| **Plaintiff,** | § | |
| | § | |
| **v.** | § | **CIVIL ACTION NO. 4:23-cv-00389** |
| | § | |
| **TEXAS CHRISTIAN UNITVERSITY,** | § | |
| | § | |
| **Defendant.** | § | |

## INDEX TO DEFENDANT'S NOTICE OF REMOVAL

| EXHIBIT | DOCUMENT | DATE OF DOCUMENT AND/OR FILING |
|---|---|---|
| 1. | State Court Case Docket | 04/12/2023 |
| 2. | Plaintiff's Original Petition | 01/04/2023 |
| 3. | Request for Service Form | 01/17/2023 |
| 4. | Citation (issued) | 01/18/2023 |
| 5. | Return of Service | 03/22/2023 |
| 6. | Return of Service executed | 03/22/2023 |

-1-

# Tarrant County District Clerk Online
## Thomas A. Wilder, District Clerk

Civil Case and Transaction Information                    04/12/2023 2:56 PM

**Court :** [ 048 ]   **Case :** [ 339378 ]   [ Search ]   [ New Search ]   ☐ Show Service Documents ONLY

**Cause Number : 048-339378-23**                    **Date Filed : 01-04-2023**

PETER MEROLA  **| VS |**  TEXAS CHRISTIAN UNIVERSITY

**Cause of Action :** EMPLOYMENT, DISCRIMINATION

**Case Status :** PENDING

| File Mark | Description | | | Assessed Fee | Credit/Paid Fee |
|---|---|---|---|---|---|
| 01-04-2023 | PLTF'S ORIG PET | | N | $350.00 | |
| 01-04-2023 | PAYMENT RECEIVED trans #1 | | Y | | $213.00 |
| 01-04-2023 | PAYMENT PAID TO STATE trans #1 | | Y | | $137.00 |
| 01-04-2023 | JURY REQUESTED | | | | $0.00 |
| 01-17-2023 | LTR REQ CIT (SENT TO DOCPROD-IA) | | | | $0.00 |
| 01-17-2023 | CIT-ISSUED ON TEXAS CHRISTIAN UNIVERSITY-On 01/18/2023 | | N   Svc | $8.00 | |
| 01-17-2023 | PAYMENT RECEIVED trans #6 | | Y | | $8.00 |
| 03-22-2023 | CIT RTNR-TEXAS CHRISTIAN UNIVERSITY | | | | $0.00 |
| 03-22-2023 | CIT Tr# 6 RET EXEC(TEXAS CHRISTIAN UNIVERSITY) On 03/21/2023 | | | | $0.00 |

FILED
TARRANT COUNTY
1/4/2023 4:03 PM
THOMAS A. WILDER
DISTRICT CLERK

048-339378-23

NO. _____

| | | |
|---|---|---|
| PETER MEROLA, | § | IN THE DISTRICT COURT |
| | § | |
| **Plaintiff,** | § | |
| v. | § | _____ DISTRICT COURT |
| | § | |
| TEXAS CHRISTIAN UNIVERSITY, | § | |
| | § | |
| **Defendant** | § | TARRANT COUNTY, TEXAS |

## PLAINTIFF'S ORIGINAL PETITION

**NOW COMES** Plaintiff Peter Merola, complaining of Texas Christian University, and for cause of action would show the Court the following:

### DISCOVERY CONTROL PLAN

1.      Plaintiff affirmatively pleads that he seeks only monetary relief aggregating $250,000 or less, excluding interest, statutory, or punitive damages and penalties, and attorney fees and costs. As provided in Rule 190, Texas Rules of Civil Procedure, Plaintiff intends to conduct discovery under Level 2.

### PARTIES AND SERVICE

2.      Plaintiff, Peter Merola, (hereinafter "Merola") is an individual whose address is 10351 Crestgate Terrace, Apt. 206, Raleigh, North Carolina 27617. The last three digits of Plaintiff's driver's license number are 687. The last three digits of Plaintiff's Social Security number are 821.

3.      Defendant, Texas Christian University (hereinafter "TCU") is a domestic nonprofit corporation based in Texas and may be served with process by serving the registered agent of said company, Victor J. Boschini, Jr., 3101 Bellaire Drive North, Suite 3200, Fort Worth, Texas 76129. Service of said Defendant as described above can be effected by personal delivery.

## JURISDICTION AND VENUE

4.      The subject matter in controversy is within the jurisdictional limits of this Court.

5.      Plaintiff seeks monetary relief of $250,000 or less, excluding interest, statutory or punitive damages and penalties, and attorney fees and costs.

6.      This Court has personal jurisdiction herein because Defendant is a Texas corporation.

7.      Venue is proper in this county in that the events giving rise to this cause of action occurred within Tarrant County.

## FACTS

8.      Merola is a 30-year-old male with a diagnosis of, and continues to suffer from, a degenerative lumbar disc, spinal stenosis, an autoimmune disorder and allergy-induced asthma. Merola received these diagnoses several years ago.

9.      On or about August 12, 2019, TCU hired Merola as an 'Information Security Administrator IV. Merola was trained, educated and qualified for this position.

10.     Shortly after his start date, Merola submitted a request for accommodation to his supervisor to better complete his job duties and tasks. Merola further explained to his supervisor that he suffered from certain medical issues and disabilities, specifically, his herniated disc, spinal stenosis, an autoimmune disorder, and allergy-induced asthma. Merola simply requested the ability to park in a designated handicap spot, and ergonomic office equipment.

11.     In response to Merola's request for accommodation, TCU requested extensive medical documentation prior to providing any such requested accommodation. Merola provided TCU the requisite documentation from his healthcare providers and began to face challenges and harassment in the workplace.

12.     On several occasions, after parking in a handicapped parking spot, using his handicap placard, Merola's immediate supervisor would challenge his reasoning for parking in that spot in an open and hostile manner. In effort to end the bullying and ridicule, Merola decided to disclose his private and confidential medial conditions to said supervisor. Merola's disclosure only served to exacerbate the bullying and hostility in the workplace, as now more and more of TCU's employees, Merola's co-workers and peers began to outwardly mock Merola. One such employee referred to Merola as a "p***y" in front of their peers to belittle Merola and make light of the severity of Merola's conditions.

13.     Merola did not received the ergonomic office equipment requested in a timely manner. Instead, he was tasked with jobs outside the scope of his employment and intentionally given more jobs than he reasonably could complete given his experience or skill level at that time without proper training or guidance regardless of any disability. Merola was given so many tasks, and the tasks and duties of other positions for which he was not trained, that anyone, disabled or not, would be unable to adequately complete them.

14.     Despite this difficulty in the absence of ergonomic equipment, as requested and substantiated by his healthcare provider, Merola continued to work to the best of his ability, but the continuous harassment and hostile work environment made it abnormally more difficult for him. Merola's education and work history show that he has the ability to work in a reasonable work environment for long periods of time and complete tasks for which he is trained and prepared for.

15.     Throughout the entirety of Merola's employment, TCU actively challenged his disabilities, requests for accommodation, and continuously made his work environment so hostile as to eventually force him to quit.

## DISCRIMINATION BASED ON DISABILITY

16.     Plaintiff incorporates all preceding paragraphs herein as if set forth at length.

17.     Disability discrimination occurs when an employer or entity covered by the American with Disabilities Act ("ADA") treats a qualified individual who is an employee unfavorably because she has a disability.  To state a claim for disability discrimination under the ADA, a plaintiff must show: "(1) that he has a disability; (2) that he was qualified for the job; [and] (3) that [s]he was subject to an adverse employment decision on account of [her] disability." *Moss v. Harris County Constable Precinct One*, 851 F.3d 413, 417 (5th Cir. 2017).

18.     A disability is "[a] physical or mental impairment that substantially limits one or more of the major life activities of such individual." *Griffin v. United Parcel Serv., Inc.*, 661 F.3d 216, 222 (5th Cir. 2011) (quoting 29 C.F.R. § 1630.2(g)). Under the ADA, diabetes qualifies as a disability if it substantially limits one or more major life activity or that the plaintiff has a "record" of the diabetes. See *Hearne v. AmWest Sav. Ass'n*, 951 S.W.2d 950, 953 (Tex. App.—Fort Worth 1997). Although having a substantially limiting impairment "is not meant to be a demanding standard[,] . . . not every impairment will constitute a disability within the meaning of [the ADA]." 29 C.F.R. §1630.2(j)(1)(ii). Indeed, even under the 2008 amendments to the ADA, a physical or mental impairment is a disability only if it "'substantially limits the ability of an individual to perform a major life activity as compared to most people in the general population.'" *Estes v. Town*, 2018 WL 1157787, *2 (N.D. Tex. Feb. 7, 2018) (quoting 29 C.F.R. § 1630.2(j)(1)(ii)) (emphasis added); *Walter v. Birdville Indep. Sch. Dist.*, 2018 WL 3974714, *3 (N.D. Tex. Aug. 20, 2018) (same); *Williams v. City of Richardson*, 2017 WL 4404461, *7 (N.D. Tex. Sept. 8, 2017) (same), *report and recommendation adopted*, WL 4351535 (N.D. Tex. Sept. 30, 2017).

19.     In this instant matter, Plaintiff is an individual with a disability. Merola was diagnosed with degenerative lumbar disc, spinal stenosis, an autoimmune disorder and allergy-induced asthma. The condition affects Merola in that he is substantially limited in his ability to

perform major and meaningful life activities such walking any great distance, performing manual tasks, and working without accommodation.   Defendant was specifically aware of Merola's disability when he made his request for accommodation shortly after beginning his employment and again when he confided his immediate supervisor in an effort to eliminate the hostility and mocking he faced due to his condition. In accordance with the ADA standard, Plaintiff did in fact have a disability.

20.     Merola was qualified for his job. Merola performed his job for TCU from August 12, 2019 through May 4, 2020 without any complaint, write-up, reprimand, or disciplinary action. There was no indication that Merola was not qualified to be an Information Security Administrator IV at TCU.

21.     Merola was subject to an adverse employment when he forced to resign rather than endure the hostile work environment, bullying and unreasonable increase in workload –which stemmed from TCU's unwillingness to provide Merola reasonable accommodation for his disability.

22.     Defendant's actions clearly demonstrate discriminatory conduct towards Merola because of his disability.

## RETALIATION

23.     Plaintiff incorporates all preceding paragraphs herein as if set forth at length.

24.     TCU committed unlawful employment practices against Plaintiff because Plaintiff was engaged in activity protected under the Texas Labor Code.

25.     The effect of the practices complained of above have operated to deprive Plaintiff of equal opportunities, and otherwise adversely affect his status as an employee, because of his engagement in a protected activity.

26.     Plaintiff would show that the retaliatory actions taken against him were motivated by Plaintiff's requests for reasonable accommodation for his disability.

27.     Plaintiff further alleges that the retaliation was committed with malice or with reckless indifference to the state-protected rights of Plaintiff.

## HOSTILE WORK ENVIRONMENT

28.     Plaintiff incorporates all preceding paragraphs herein as if set forth at length.

29.     Plaintiff asserts a violation of Tex. Lab. Code 21.051 under the Texas Commission on Human Rights Act (TCHRA). The code states:

> "An employer commits an unlawful employment practice if because of race, color, **disability**, religion, sex, national origin, or age the employer:
>
> (1) fails or refuses to hire an individual, discharges an individual, or discriminates in any other manner against an individual in connection with compensation or the terms, conditions, or privileges of employment; or
>
> (2) limits, segregates, or classifies an employee or applicant for employment in a manner that would deprive or tend to deprive an individual of any employment opportunity or adversely affect in any other manner the status of an employee."

30.     A hostile-work-environment claim is designed to address conduct that is so severe or pervasive that it destroys an employee's opportunity to succeed in the workplace. *Gardner*, 414 S.W.3d at 382 (citing City of Houston v. Fletcher, 166 S.W.3d 479, 489 (Tex. App. Eastland 2005, pet. denied)).

31.     To succeed on a TCHRA claim of hostile work environment, the complained-of conduct must be "sufficiently severe or pervasive to alter the conditions of the victim's employment

and create an abusive working environment." *Waffle House, Inc.*, 313 S.W.3d at 806 (quoting Meritor Sav. Bank, FSB v. Vinson, 477 U.S. 57, 67, 106 S. Ct. 2399, 91 L. Ed. 2d 49 (1986)).

32.     Plaintiff was subject to a hostile workplace as a result of the severe and pervasive bullying, ridicule and harassment, including but not limited to consistent comments and remarks about his physical appearance, mimicking, mocking, referring to Merola as "p***y", and questioning his need to park in a handicap parking space, all of which were based upon Merola's disability.  The actions by TCU and its employees created an abusive working environment that that ultimately caused Plaintiff to resign from his position.

## RESPONDEAT SUPERIOR AND RATIFICATION

33.     Whenever in this petition it is alleged that Defendant, TCU, did any act or thing, it is meant that TCU's officers, agents, servants, employees or representatives did such act and/or that at the time such act was done with the full authorization or ratification of TCU or was done in the normal and routine course and scope of employment of TCU's officers, agents, servants, employees, or representatives.

## CONSTRUCTIVE DISCHARGE

34.     TCU made the working conditions so intolerable that Plaintiff felt compelled to resign his position. A reasonable person in the same position would have also felt compelled to resign. Plaintiff suffered damages for which Plaintiff herein sues.

## CONDITIONS PRECEDENT

35.     All conditions precedent to jurisdiction have occurred or been complied with: a charge of discrimination was filed with the Equal Employment Opportunity Commission within three-hundred days of the acts complained of herein and Plaintiff's Petition is filed within ninety

days of Plaintiff's receipt of the Equal Employment Opportunity Commission's issuance of a right to sue letter.

## DAMAGES

36.     Plaintiff incorporates all preceding paragraphs herein. As a direct and proximate result of the occurrence made the basis of this lawsuit and Defendant's acts as described herein, Plaintiff suffered damages including but not limited to the loss of income and earnings, attorney fees, court costs, and other damages as described herein or as may be prove at the time of trial.

## ATTORNEY'S FEES AND COSTS

37.     Request is made for all costs and reasonable and necessary attorney's fees incurred by or on behalf of Plaintiff herein, including all fees necessary in the event of an appeal of this cause to the Court of Appeals and the Supreme Court of Texas, as the Court deems equitable and just, as provided by:  (a) Section 17.50(d) of the Texas Business and Commerce Code; (b) Chapter 38 of the Texas Civil Practice and Remedies Code; and, (c) common law.

## JURY DEMAND

38.     Plaintiff hereby requests a jury trial.

## PRAYER

Plaintiff prays that citation be issued commanding Defendant to appear and answer herein and that Plaintiff be awarded judgment against Defendant for actual damages, pre-judgment interest, post-judgment interest, costs of Court and for all other relief to which Plaintiff is entitled both in equity and at law.

Respectfully submitted,

**CROCKER RUSSELL & ASSOCIATES**
2401 Callender Road, Suite 103
Mansfield, TX 76063
Office: (817) 482-6570

Fax: (682) 232-1850


/s/Ali Crocker Russell
Ali Crocker Russell
State Bar No: 24098868
Email: ali@cralawfirm.com
**ATTORNEY FOR PLAINTIFF**

# THOMAS A. WILDER, DISTRICT CLERK
## TARRANT COUNTY SERVICE REQUEST FORM

FILED
TARRANT COUNTY
1/17/2023 10:54 AM
THOMAS A. WILDER
DISTRICT CLERK

**Cause No:** 048-339378-23

**Style of Case:** Peter Merola v. Texas Christian University

Please reference the District Clerk web page, **www.tarrantcounty.com/DistrictClerk/Forms** for the following forms: Abstracts, Executions, Subpoenas.

**Choose the type of service documents for issuance and select the type and quantity of issuance(s) needed. *For electronic service, service document will be e-mailed to you for you to attach documents and have party served.**

Check box if you would like the District Clerk's Office to make copies for your service. (*Add $1.00 per page, per pleading, for each non-certified paper copy for service. For other types of copies see fee list on District Clerk website*).

**Title of Pleading to be Served:** Plaintiff's Original Petition

**Date Pleading Filed:** 01/04/2023

**Return to (e-Service ONLY):** kelly@cralawfirm.com

### (Name and e-mail address)

| Quantity | Type of Service | TC Constable | Alternative Service (Private Process or Out of County) | Certified Mail | *Electronic Service |
|---|---|---|---|---|---|
| | Citation by Publication | | | | |
| | Citation by Posting | | | | |
| 1 | Citation | | private | | x |
| | TRO | | | | |
| | Show Cause | | | | |
| | Capias | | | | |
| | Arrest Warrant | | | | |
| | Protective Order | | | | |
| | Writ of Habeas | | | | |
| | Writ of Attachment | | | | |
| | Bench Warrant | | | | |
| | Writ of Garnishment | | | | |
| | Writ of Permanent Injunction | | | | |
| | Writ of Temporary Injunction | | | | |
| | | | | | |
| | | | | | |
| | | | | | |
| | | | | | |

Name of Party to be served: Texas Christian University   Service Type: Private
Address for Service: 3101 Bellaire Dr., N, Ste. 3200, Fort Worth, Party Type: Defendant
Texas 76129
Name of Party to be served: _____ Service Type: _____
Address for Service: _____ Party Type: _____

**Attach additional pages if there are more parties to be served.**

**PERSON REQUESTING SERVICE:**
NAME: Ali Crocker Russell
MAILING ADDRESS: 2401 Callender Road, Ste. 103, Mansfield, TX 76063
PHONE NO: 817-482-6570   FAX NO.: 682-232-1850
EMAIL ADDRESS: ali@cralawfirm.com

Revised 01/05/2022

**Automated Certificate of eService**

This automated certificate of service was created by the efiling system. The filer served this document via email generated by the efiling system on the date and to the persons listed below. The rules governing certificates of service have not changed. Filers must still provide a certificate of service that complies with all applicable rules.

Kelly Negrete on behalf of Ali Crocker
Bar No. 24098868
kelly@cralawfirm.com
Envelope ID: 71843907
Status as of 1/17/2023 11:16 AM CST

Associated Case Party: PETERMEROLA

| Name | BarNumber | Email | TimestampSubmitted | Status |
|------|-----------|-------|--------------------|--------|
| Ali Crocker | | ali@cralawfirm.com | 1/17/2023 10:54:09 AM | SENT |

THE STATE OF TEXAS
DISTRICT COURT, TARRANT COUNTY

*CITATION*                                    *Cause No. 048-339378-23*

### PETER MEROLA

VS.

### TEXAS CHRISTIAN UNIVERSITY

#### TO: TEXAS CHRISTIAN UNIVERSITY

B/S REG AGT-VICTOR J BOSCHINI JR 3101 BELLAIRE DR N STE 3200 FORT WORTH, TX 76129-

You said DEFENDANT are hereby commanded to appear by filing a written answer to the PLAINTIFF'S ORIGINAL PETITION at or before 10 o'clock A.M. of the Monday next after

the expiration of 20 days after the date of service hereof before the 48th District Court

,100 N CALHOUN, in and for Tarrant County, Texas, at the Courthouse in the City of Fort Worth, Tarrant County, Texas said PLAINTIFF being

PETER MEROLA

Filed in said Court on January 4th, 2023 Against
TEXAS CHRISTIAN UNIVERSITY

For suit, said suit being numbered 048-339378-23 the nature of which demand is as shown on said PLAINTIFF'S ORIGINAL PETITION a copy of which accompanies this citation.

#### ALI CROCKER RUSSELL
#### Attorney for PETER MEROLA Phone No. (817)482-6570
Address      2401 CALLENDER RD STE 103 MANSFIELD, TX 76063

_____Thomas A. Wilder_____ , Clerk of the District Court of Tarrant County, Texas. Given under my hand and the seal of said Court, at office in the City of Fort Worth, this the 18th day of January, 2023.

By _____ Deputy

AMANDA P/ISTCHER

NOTICE: You have been sued. You may employ an attorney. If you or your attorney do not file a written answer with the clerk who issued this citation by 10:00 AM. on the Monday next following the expiration of twenty days after you were served this citation and petition, a default judgment may be taken against you. In addition to filing a written answer with the clerk, you may be required to make initial disclosures to the other parties of this suit. These disclosures generally must be made no later than 30 days after you file your answer with the clerk. Find out more at TexasLawHelp.org.

Thomas A. Wilder, Tarrant County District Clerk, 100 N CALHOUN, FORT WORTH TX 76196-0402

---

### OFFICER'S RETURN  *04833937823000006*

Received this Citation on the _____ day of _____, _____ at _____ o'clock ___M; and executed at

_____ within the county of _____, State of _____ at _____ o'clock ___M

on the _____ day of _____, _____ by delivering to the within named (Def.): _____

defendant(s), a true copy of this Citation together with the accompanying copy of PLAINTIFF'S ORIGINAL PETITION , having first endorsed on same the date of delivery.

Authorized Person/Constable/Sheriff: _____

County of _____ State of_____ By _____ Deputy

Fees $_____

State of _____ County of _____ (Must be verified if served outside the State of Texas)

Signed and sworn to by the said _____ before me this _____ day of _____, ____

to certify which witness my hand and seal of office

(Seal)

County of _____, State of _____

*CITATION*

Cause No. 048-339378-23

PETER MEROLA

   VS.

TEXAS CHRISTIAN UNIVERSITY

ISSUED

This 18th day of January, 2023

Thomas A. Wilder
Tarrant County District Clerk
100 N CALHOUN
FORT WORTH TX 76196-0402

By      AMANDA PFISTERER Deputy

ALI CROCKER RUSSELL
Attorney for: PETER MEROLA
Phone No. (817)482-6570
ADDRESS: 2401 CALLENDER RD STE 103

MANSFIELD, TX 76063

*CIVIL LAW*

*04833937823000006*
SERVICE FEES NOT COLLECTED
BY TARRANT COUNTY DISTRICT CLERK
**ORIGINAL**

048-339378-23

FILED
TARRANT COUNTY
3/22/2023 1:53 PM
THOMAS A. WILDER
DISTRICT CLERK

THE STATE OF TEXAS
DISTRICT COURT, TARRANT COUNTY

*CITATION*

*Cause No. 048-339378-23*

PETER MEROLA
VS.
TEXAS CHRISTIAN UNIVERSITY

TO: TEXAS CHRISTIAN UNIVERSITY

B/S REG AGT-VICTOR J BOSCHINI JR 3101 BELLAIRE DR N STE 3200 FORT WORTH, TX
76129-

You said DEFENDANT are hereby commanded to appear by filing a written answer to the PLAINTIFF'S ORIGINAL PETITION
at or before 10 o'clock A.M. of the Monday next after
the expiration of 20 days after the date of service hereof before the 48th District Court
,100 N CALHOUN, in and for Tarrant County, Texas, at the Courthouse in the City of Fort Worth, Tarrant County, Texas
said PLAINTIFF being

PETER MEROLA

Filed in said Court on January 4th, 2023 Against
TEXAS CHRISTIAN UNIVERSITY

For suit, said suit being numbered 048-339378-23 the nature of which demand is as shown on said
PLAINTIFF'S ORIGINAL PETITION   a copy of which accompanies this citation.

ALI CROCKER RUSSELL
Attorney for PETER MEROLA Phone No. (817)482-6570
Address      2401 CALLENDER RD STE 103 MANSFIELD, TX 76063

_____Thomas A. Wilder_____ , Clerk of the District Court of Tarrant County, Texas. Given under my hand and the seal
of said Court, at office in the City of Fort Worth, this the 18th day of January, 2023.

By  *amanda Pp...*

AMANDA PFISTERER

A CERTIFIED COPY
ATTEST: 01/18/2023
THOMAS A. WILDER
DISTRICT CLERK
TARRANT COUNTY, TEXAS
BY: /s/ Amanda Pfisterer

NOTICE: You have been sued. You may employ an attorney. If you or your attorney do not file a written answer with the clerk who issued this citation by 10:00 AM. on the Monday next following the expiration of
twenty days after you were served this citation and petition, a default judgment may be taken against you. In addition to filing a written answer with the clerk, you may be required to make initial disclosures
to the other parties of this suit. These disclosures generally must be made no later than 30 days after you file your answer with the clerk. Find out more at TexasLawHelp.org.

Thomas A. Wilder, Tarrant County District Clerk, 100 N CALHOUN, FORT WORTH TX 76196-0402

OFFICER'S RETURN *04833937823000006*

Received this Citation on the __16th__ day of __March__, __2023__ at __11:40__ o'clock __A__ M; and executed at
__3101 Bellaire Dr N, Ste 3200__ within the county of __Tarrant__, State of __Texas__ at __10:50__ o'clock __A__ M
on the __21st__ day of __March__, __2023__ by delivering to the within named (Def.): __Texas Christian University - B/S Reg__
defendant(s), a true copy of this Citation together with the accompanying copy of PLAINTIFF'S ORIGINAL PETITION __Agt. Victor J.__
, having first endorsed on same the date of delivery.                                      __Boschini, Jr -__
                                                                                              __By Hand -__
                                                                  __PSC 9027__               __Personally__
Authorized Person/Constable/Sheriff: _____  __Exp. 8-31-2024__
County of __Tarrant__ State of __Texas__ By _____ Deputy
Fees $ _____
State of __Texas__ County of __Tarrant__                          (Must be verified if served outside the State of Texas)
Signed and sworn to by the said __Douglas Wayne Patterson__ before me this __22nd__ day of __March__, __2023__
to certify which witness my hand and seal of office
(Seal)             __Glenda J. Beaver__
                    County of __Tarrant__, State of __Texas__

GLENDA J BEAVER
Notary ID #128164485
My Commission Expires
February 4, 2026

*CITATION*

Cause No. 048-339378-23

PETER MEROLA

VS.

TEXAS CHRISTIAN UNIVERSITY

ISSUED

This 18th day of January, 2023

Thomas A. Wilder
Tarrant County District Clerk
100 N CALHOUN
FORT WORTH TX 76196-0402

By          AMANDA PFISTERER Deputy

ALI CROCKER RUSSELL
Attorney for: PETER MEROLA
Phone No. (817)482-6570
ADDRESS: 2401 CALLENDER RD STE 103

MANSFIELD, TX 76063

*CIVIL LAW*

*04833937823000006*
SERVICE FEES NOT COLLECTED
BY TARRANT COUNTY DISTRICT CLERK
ORIGINAL



A CERTIFIED COPY
ATTEST: 01/18/2023
THOMAS A. WILDER
DISTRICT CLERK
TARRANT COUNTY, TEXAS
BY: /s/ Amanda Pfisterer

**Automated Certificate of eService**
This automated certificate of service was created by the efiling system.
The filer served this document via email generated by the efiling system
on the date and to the persons listed below. The rules governing
certificates of service have not changed. Filers must still provide a
certificate of service that complies with all applicable rules.

Kelly Negrete on behalf of Ali Crocker
Bar No. 24098868
kelly@cralawfirm.com
Envelope ID: 73908083
Filing Code Description: No Fee Documents
Filing Description: Return of service
Status as of 3/22/2023 2:24 PM CST

Associated Case Party: PETERMEROLA

| Name | BarNumber | Email | TimestampSubmitted | Status |
|------|-----------|-------|--------------------|--------|
| Ali Crocker | | ali@cralawfirm.com | 3/22/2023 1:53:44 PM | SENT |

048-339378-23

FILED
TARRANT COUNTY
3/22/2023 1:53 PM
THOMAS A. WILDER
DISTRICT CLERK

# THE STATE OF TEXAS
## DISTRICT COURT, TARRANT COUNTY

### *CITATION*

### *Cause No. 048-339378-23*

PETER MEROLA

VS.

TEXAS CHRISTIAN UNIVERSITY

## TO: TEXAS CHRISTIAN UNIVERSITY

B/S REG AGT-VICTOR J BOSCHINI JR 3101 BELLAIRE DR N STE 3200 FORT WORTH, TX 76129-

You said DEFENDANT are hereby commanded to appear by filing a written answer to the PLAINTIFF'S ORIGINAL PETITION at or before 10 o'clock A.M. of the Monday next after
the expiration of 20 days after the date of service hereof before the 48th District Court
,100 N CALHOUN, in and for Tarrant County, Texas, at the Courthouse in the City of Fort Worth, Tarrant County, Texas said PLAINTIFF being

PETER MEROLA

Filed in said Court on January 4th, 2023 Against
TEXAS CHRISTIAN UNIVERSITY

For suit, said suit being numbered 048-339378-23 the nature of which demand is as shown on said PLAINTIFF'S ORIGINAL PETITION  a copy of which accompanies this citation.

### ALI CROCKER RUSSELL
Attorney for PETER MEROLA Phone No. (817)482-6570
Address     2401 CALLENDER RD STE 103 MANSFIELD, TX 76063

_____ Thomas A. Wilder _____ , Clerk of the District Court of Tarrant County, Texas. Given under my hand and the seal of said Court, at office in the City of Fort Worth, this the 18th day of January, 2023.

By _Amanda Pfisterer_

AMANDA PFISTERER

A CERTIFIED COPY
ATTEST: 01/18/2023
THOMAS A. WILDER
DISTRICT CLERK
TARRANT COUNTY, TEXAS
BY: /s/ Amanda Pfisterer

NOTICE: You have been sued. You may employ an attorney. If you or your attorney do not file a written answer with the clerk who issued this citation by 10:00 A.M. on the Monday next following the expiration of twenty days after you were served this citation and petition, a default judgment may be taken against you. In addition to filing a written answer with the clerk, you may be required to make initial disclosures to the other parties of this suit. These disclosures generally must be made no later than 30 days after you file your answer with the clerk. Find out more at TexasLawHelp.org.

### Thomas A. Wilder, Tarrant County District Clerk, 100 N CALHOUN, FORT WORTH TX 76196-0402

## OFFICER'S RETURN *04833937823000006*

Received this Citation on the _16th_ day of _March_ , _2023_ at _11:40_ o'clock _A_ M; and executed at
_3101 Bellaire Dr N, Ste 3200_ within the county of _Tarrant_ , State of _Texas_ at _10:50_ o'clock _A_ M
on the _21st_ day of _March_ , _2023_ by delivering to the within named (Def.): _Texas Christian University- B/S Reg_
defendant(s), a true copy of this Citation together with the accompanying copy of PLAINTIFF'S ORIGINAL PETITION _Agt- Victor J._
_Boschini, Jr-_
, having first endorsed on same the date of delivery.                                                     _By Hand-_
_Personally_

_PSC 9027_
_Exp: 8-31-2024_

Authorized Person/Constable/Sheriff: _____
County of _Tarrant_ State of _Texas_ By _____ Deputy

Fees $ _____
State of _Texas_ County of _Tarrant_ (Must be verified if served outside the State of Texas)
Signed and sworn to by the said _Douglas Wayne Patterson_ before me this _22nd_ day of _March_ , _2023_
to certify which witness my hand and seal of office
(Seal)                            _Glenda J. Beaver_
County of _Tarrant_ , State of _Texas_

GLENDA J BEAVER
Notary ID #128164485
My Commission Expires
February 4, 2026

*CITATION*

Cause No. 048-339378-23

PETER MEROLA

VS.

TEXAS CHRISTIAN UNIVERSITY

ISSUED

This 18th day of January, 2023

Thomas A. Wilder
Tarrant County District Clerk
100 N CALHOUN
FORT WORTH TX 76196-0402

By          AMANDA PFISTERER Deputy

ALI CROCKER RUSSELL
Attorney for: PETER MEROLA
Phone No. (817)482-6570
ADDRESS: 2401 CALLENDER RD STE 103

MANSFIELD, TX 76063

*CIVIL LAW*

*04833937823000006*
SERVICE FEES NOT COLLECTED
BY TARRANT COUNTY DISTRICT CLERK
ORIGINAL

A CERTIFIED COPY
ATTEST: 01/18/2023
THOMAS A. WILDER
DISTRICT CLERK
TARRANT COUNTY, TEXAS
BY: /s/ Amanda Pfisterer

**Automated Certificate of eService**
This automated certificate of service was created by the efiling system. The filer served this document via email generated by the efiling system on the date and to the persons listed below. The rules governing certificates of service have not changed. Filers must still provide a certificate of service that complies with all applicable rules.

Kelly Negrete on behalf of Ali Crocker
Bar No. 24098868
kelly@cralawfirm.com
Envelope ID: 73908083
Filing Code Description: No Fee Documents
Filing Description: Return of service
Status as of 3/22/2023 2:24 PM CST

Associated Case Party: PETERMEROLA

| Name | BarNumber | Email | TimestampSubmitted | Status |
|------|-----------|-------|--------------------|--------|
| Ali Crocker | | ali@cralawfirm.com | 3/22/2023 1:53:44 PM | SENT |