IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | | |
|---|---|---|
| PETER MEROLA | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | Civil Action No. 4:23-cv-00389-O |
| | § | |
| TEXAS CHRISTIAN UNIVERSITY | § | |
| | § | |
| Defendant. | § | |

**OPINION AND ORDER**

Before the Court are Defendant's Motion to Dismiss (ECF No. 11), filed June 1, 2023; Plaintiff's Response (ECF No. 12), filed June 21, 2023; and Defendant's Reply (ECF No. 13), filed July 5, 2023. For the reasons stated herein the Defendant's Motion to Dismiss is **GRANTED in part and DENIED in part**.

I.  **BACKGROUND**[1]

Peter Merola ("Plaintiff") brings this lawsuit against former employer Texas Christian University ("Defendant" or "TCU") alleging (1) discrimination based on disability, (2) retaliation, and (3) hostile work environment.

Plaintiff was hired by TCU in August 2019 as an Information Security Administrator IV. Two days after being hired, Plaintiff submitted a request to his supervisor and Defendant's human resources department for ergonomic computer/desk equipment and a close parking spot. Plaintiff is diagnosed with degenerative lumbar disc, spinal stenosis, an autoimmune disorder, and allergy

---

[1] Unless otherwise cited, the Court's recitation of the facts is taken from Plaintiff's First Amended Complaint. *See* Pl.'s First Am. Compl., ECF No. 8. At this stage, these facts are taken as true and viewed in the light most favorable to the plaintiff. *See Sonnier v. State Farm Mut. Auto. Ins.*, 509 F.3d 673, 675 (5th Cir. 2007).

induced asthma, which "does not allow [Plaintiff] to be comfortable sitting, standing, and moving around for long periods without ergonomic equipment and close parking." Plaintiff provided Defendant with the requested medical documentation that included information from a health care provider that recommended an accommodation of a "clean and ergonomic environment." However, Plaintiff claims he never received the ergonomic equipment.

Plaintiff also complains that he was subject to an adverse employment action because he was bullied by co-workers "regarding work related questions." Plaintiff claims his supervisor challenged his reason for parking in a handicapped parking spot, and that he was mocked by his co-workers and peers. The mocking included a co-worker referring to Plaintiff as a "p***y" in front of others, an employee shouting "that is not how we do things here and never will," in response to a work question, an employee complaining Plaintiff "didn't prioritize [her]" when completing a joint work project, and an employee embarrassing Plaintiff when the employee reported inadvertently viewing Merola's exposed backside.

Plaintiff reported this behavior both to his direct supervisor and Defendant's human resources department to apparently no avail. Plaintiff resigned on May 4, 2020.

Before filing this lawsuit, Plaintiff filed his administrative charge with the Texas Workforce Commission and the Equal Employment Opportunity Commission ("EEOC") on October 12, 2020. Plaintiff received his EEOC right to sue letter on October 19, 2022.

Plaintiff filed his original petition in state court on January 4, 2023, alleging TCU failed to provide Merola his reasonable requested accommodations, and "failed to properly investigate the instances of bullying, harassment, retaliation and discrimination." Defendant removed the case to

Federal Court on April 20, 2023, and on June 1, 2023, filed a Motion to Dismiss, which is now ripe for review.[2]

## II. LEGAL STANDARD

Federal Rule of Civil Procedure 8 requires that a complaint contain "a short and plain statement of the claim showing that the pleader is entitled to relief." FED. R. CIV. P. 8(a)(2). The Rule "does not require 'detailed factual allegations,' but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). If a plaintiff fails to satisfy this standard, the defendant may file a motion to dismiss under Rule 12(b)(6) for "failure to state a claim upon which relief can be granted." FED. R. CIV. P. 12(b)(6).

To survive a motion to dismiss under Rule 12(b)(6), a plaintiff must plead "enough facts to state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678. "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.* (quoting *Twombly*, 550 U.S. at 556). A court may not accept legal conclusions as true, but when well-pleaded factual allegations are present, a court assumes their veracity and then determines whether they plausibly give rise to an entitlement to relief. *Id.* at 678–79.

---

[2] Def.'s Mot. to Dismiss, ECF No .11; *See* Pl.'s Resp., ECF No. 12; *See* Def.'s Reply., ECF No. 13.

### III. ANALYSIS

#### A. Untimely Claims

As an initial matter, Defendant asserts that Plaintiff's (i) state law claim for hostile work environment, (ii) state law claim for retaliation, and (iii) federal claim for retaliation are untimely.[3] For the reasons stated below, the Court holds that Plaintiff's state law claims are untimely. However, the Court finds that Plaintiff's federal law claims for retaliation are not time-barred.

##### 1. Plaintiff's State Law Claims for Hostile Work Environment and Retaliation are Untimely

Under Texas law, a plaintiff is required to file their lawsuit within two years of the date the charge was filed. Tex. Lab. Code § 21.256. Plaintiff filed his charge with the Texas Workforce Commission on October 12, 2020.[4] Therefore, Plaintiff's last available date to file a lawsuit under the Texas Labor Code was October 12, 2022. Plaintiff did not file this suit until January 4, 2023, which is beyond the two-year filing deadline. Accordingly, Plaintiff's state law claims of retaliation and hostile work environment are time-barred.

Because Plaintiff's state law claims for retaliation and hostile work environment are time-barred, they are **DISMISSED** with **PREJUDICE.** *See Legate v. Livingston*, 822 F.3d 207, 211 (5th Cir. 2016) (quoting *Lyn-Lea Travel Corp. v. Am. Airlines, Inc.*, 283 F.3d 282, 286 (5th Cir. 2002)) (While "the language of [Rule 15(a)] 'evinces a bias in favor of granting leave to amend,' . . . a district court need not grant a futile motion to amend.") (cleaned up).

##### 2. Plaintiff's Federal Claims for Retaliation

Plaintiff's ADA and Title VII claims for retaliation are timely. "Employment discrimination plaintiffs must exhaust administrative remedies before pursuing [federal] claims in

---

[3] Def.'s Mot. to Dismiss 8–12, ECF No. 11.
[4] Pl.'s First Am. Compl. ¶ 4, ECF No. 8.

federal court. Exhaustion occurs when the plaintiff files a timely charge with the EEOC and receives a statutory notice of right to sue." *Taylor v. Books A Million, Inc.*, 296 F.3d 376, 378–79 (citing *Dao v. Auchan Hypermarket*, 96 F.3d 787, 788–89 (5th Cir. 1996). Plaintiff received his notice of right sue from the EEOC on October 19, 2022.[5] Defendant points out that Plaintiff did not raise a retaliation claim under the ADA and/or Title VII until May 18, 2023, when he filed his First Amended Complaint in this Court, over six months after Plaintiff received his right to sue letter.[6] Generally, if the amendment is not submitted within the ninety days, the new claim will be deemed untimely unless it "relates back" to the original complaint. *See Hernandez v. Valley View Hosp. Ass'n*, 684 F.3d 950, 962 (10th Cir. 2012).

The timeliness of Plaintiff's claim turns on whether Texas's relation back statute or Federal Rule 15 applies. If Federal Rule 15 applies, the federal retaliation claim "relates back to the date of the original petition because it asserts a claim or defense that arose out of the conduct, transaction, or occurrence set out" in the original petition. FED. R. CIV. P. 15(c)(1)(B). Alternatively, if the Texas relation-back statute applies, Plaintiff's federal retaliation claim would not relate because his causes of action in that original petition were "subject to a plea of limitation when the pleading [was] filed." Tex. Civ. Prac. & Rem. Code Ann. § 16.068 (West 2008).

The Federal Rules of Civil Procedure "'apply to a civil action after it is removed from a state court.'" *Taylor v. Bailey Tool Mfg. Co.*, 744 F.3d 944, 946 (5th Cir. 2014) (quoting FED. R. CIV. P. 81(c)). Here, because Plaintiff added the federal retaliation claim after this case was removed from state court, Federal Rule 15(c) applies. *See Aforigho v. Tape Prod. Co.*, 334 F.R.D. 86, 91 (S.D. Tex. 2020) (by agreeing to proceed in federal court, [defendant] became subject to the Federal Rules of Civil Procedure.").

---

[5] *Id.* at ¶ 30.
[6] *Id.* at ¶ 43.

Federal Rule 15(c) of the Federal Rules of Civil Procedure governs the relation back theory in this case. Under Federal Rule 15(c), a party's amended pleading can relate back to the date the original pleading was filed, making an otherwise time-barred claim timely. FED. R. CIV. P. 15(c). Unlike the Texas relation-back rule that explicitly prohibits amended claims to relate back to untimely filed actions, the federal rule is silent on the issue. However, the Fifth Circuit allows amended complaints to relate back even though the original complaint was untimely. For example, in *Caldwell v. Martin Marietta Corp.*, the plaintiff, in his original petition, brought a time-barred 42 U.S.C. § 1981 race discrimination claim against an employer. 632 F.2d 1184, 1185 (5th Cir. 1980). The plaintiff filed the original complaint 89 days after receiving his right to sue letter. *See id.* The Fifth Circuit held that although the plaintiff's Section 1981 claim was time-barred, his Title VII claim, brought for the first time in his amended complaint, was timely because it related back to the original filing date under Rule 15(c). *See id.* at 1187. The Fifth Circuit largely reached this decision because the "facts necessary to support a claim for relief under Title VII [were] nearly identical to the facts which support a claim under [Section] 1981." *Id.* at 1186; *see also Sessions v. Rusk State Hospital*, 648 F.2d 1066, 1067–68 (5th Cir. 1981) (holding plaintiff's later-added Title VII claims were timely because they related back to his original complaint).

Although Plaintiff only asserted time-barred state law claims for retaliation in his original petition, he did file the lawsuit within the 90 days of receiving the EEOC letter. Moreover, "facts necessary to support a claim for relief under Title VII [or the ADA] are nearly identical to the facts which support a claim" under the Texas Labor Code. Therefore, the proposed federal retaliation claim that Plaintiff seeks to include in his Amended Complaint would have been timely had he included it in the original complaint. Accordingly, the proposed federal retaliation claim relates back to the original state court petition under Rule 15(c) and is thus not time-barred.

For the reasons stated above, the Defendant's Motion to Dismiss the state law claims for hostile work environment and retaliation is **GRANTED.** Defendant's Motion to Dismiss the federal retaliation claim is **DENIED.**

The Court now turns to the merits of Plaintiff's federal discrimination and retaliation claims.

### B. Plaintiff's Discrimination Based on Disability Claim

A claim of discrimination under the ADA requires Plaintiff to prove: "(1) he has a disability; (2) he is qualified for the job; and (3) [Defendant] made its adverse employment decision because of [his] disability." *Neely v. PSEG Tex., Ltd. P'ship*, 735 F.3d 242, 245 (5th Cir. 2013) (cleaned up). In a discrimination claim, a plaintiff need not plead facts sufficient to establish a prima facie case to survive a motion to dismiss. *See Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 511 (2002) ("This Court has never indicated that the requirements for establishing a prima facie case . . . also apply to the pleading standard that plaintiffs must satisfy in order to survive a motion to dismiss."). Here, the parties do not appear to dispute that Plaintiff has alleged a disability and that Plaintiff was qualified for his position.[7] So only element three, whether Plaintiff suffered an adverse employment action because of his disability, is at issue.

Plaintiff believes that he was bullied, ridiculed, and assigned extra tasks because he is disabled. And that because of this alleged bullying, his working conditions were so intolerable that he was forced to resign his position. When an employee resigns, as Plaintiff did, 'he may satisfy the [adverse employment] requirement by proving constructive discharge." *Barrow v. New Orleans S.S. Ass'n*, 10 F.3d 292, 297 (5th Cir. 1994). "To show constructive discharge, an employee must offer evidence that the employer made the employee's working conditions so

---

[7] Def.'s Mot. to Dismiss 18–19, ECF No. 11.

intolerable that a reasonable employee would feel compelled to resign." *Id.* To determine whether a reasonable employee would feel compelled to resign courts may consider factors such as: (1) demotion; (2) reduction in salary; (3) reduction in responsibilities, (4) degrading work; and (5) "badgering, harassment, or humiliation by the employer calculated to encourage the employee to resign." *Id.*

Plaintiff alleged that the bullying and harassment based on his disabilities forced him to resign. Because, at this stage, the Court only considers the facts as alleged in Plaintiff's Amended Complaint, and takes them as true, the Court **DENIES** Defendant's Motion to Dismiss the discrimination claim on the basis that Plaintiff has stated a claim for Discrimination based on Disability.

      **C.**     **Plaintiff's Federal Retaliation Claims**

Plaintiff alleges that Defendant engaged in unlawful retaliation under the ADA or Title VII. To establish a prima facie case of retaliation a plaintiff must show that "(1) he participated in an activity protected by [the statute]; (2) his employer took an adverse employment action against him; and (3) a causal connection exists between the protected activity and the adverse action." *McCoy v. City of Shreveport*, 492 F.3d 551, 556–57 (5th Cir. 2007); *Seaman v. CSPH, Inc.*, 179 F.3d 297, 301 (5th Cir. 1999). At the pleading stage, a plaintiff may survive a Rule 12(b)(6) motion without pleading a prima facie case, but courts can and do consider these elements at this stage. *E.g., Garvin v. Sw. Corr., L.L.C.*, 391 F. Supp. 3d 640, 649 (N.D. Tex. 2019); *Swierkiewicz*, 534 U.S. at 515 ("[A] well-pleaded complaint may proceed even if it strikes a savvy judge that actual proof of those facts is improbable, and that a recovery is very remote and unlikely.") (cleaned up).

Under the first element, an employee engages in a protected activity when he has (1) "opposed any practice made an unlawful employment practice by this subchapter," or (2) "made a

charge, testified, assisted, or participated in any manner in an investigation, proceeding, or hearing under this subchapter." *Byers v. Dallas Morning News, Inc.*, 209 F.3d 419, 427-28 (5th Cir. 2000) (quoting 42 U.S.C. § 2000e-3(a)). To satisfy the opposition element, a plaintiff does not need to show that the employer's practices were unlawful, but only that the plaintiff had "a reasonable belief that the employer was engaged in unlawful employment practices." *Payne v. McLemore's Wholesale & Retail Stores*, 654 F.2d 1130, 1140 (5th Cir. Unit A Sept. 1981). Under the second element, Plaintiff must allege that he was subjected to an adverse employment decision, and under the third element, Plaintiff must allege a causal connection between his complaint to TCU and the adverse employment decision. *Id.*

Plaintiff alleges that he complained to human resources about other employees' unlawful behavior. He further alleges that because of these complaints he was constructively discharged.[8] Because, at this stage, the Court only considers the facts as alleged in Plaintiff's Amended Complaint, and takes them as true, the Court **DENIES** Defendant's Motion to Dismiss the retaliation claim on the basis that Plaintiff has stated a claim for Title VII retaliation.

### IV.   CONCLUSION

For the reasons stated above, Defendant's Motion to Dismiss is **GRANTED in part** and **DENIED in part**. Specifically, the Court **GRANTS** the Motion to Dismiss all state law claims and **DENIES** the Motion to Dismiss the federal discrimination and retaliation claims.

**SO ORDERED** on this **9th day** of **November, 2023.**

Reed O'Connor
UNITED STATES DISTRICT JUDGE

---

[8] Pl.'s First Am. Compl. ¶ 44–45, ECF No. 8.