IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | | |
|---|---|---|
| PETER MEROLA, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | Civil Action No. 4:23-cv-00389-O |
| | § | |
| TEXAS CHRISTIAN UNIVERSITY, | § | |
| | § | |
| Defendant. | § | |

## ORDER

Before the Court are Defendant's Motion to Compel Plaintiff to Respond Fully to Discovery Requests, Request for Sanctions, and Brief in Support ("Motion") (ECF No. 28), Appendix in Support (ECF No. 29), Plaintiff's Response (ECF No. 31), Defendant's Reply (ECF No. 32), Plaintiff's Sur-Reply (ECF No. 36), and the Parties' Joint Status Report (ECF No. 37). After considering the pleadings, status report, and applicable legal authorities, and for the reasons stated in this Order and at the hearing on these matters on November 14, 2023, the Court orders as follows.

The Court **GRANTS** in part and **DENIES** in part Plaintiff's Motion (ECF No. 28). The Court **GRANTS** the Motion to Compel and orders the following:

Plaintiff **SHALL PROVIDE** the 53 emails shown in the screengrabs included in Plaintiff's first supplemental answers to interrogatories and first supplemental response to request for production, as identified in ECF No. 32 at 13-17.

Plaintiff **SHALL** fully and completely **PROVIDE** all other responsive documents in his possession and control and shall fully respond to Defendant's interrogatories, which were the

subject of Defendant's Motion to Compel. If such evidence does not exist, Plaintiff shall indicate that in his responses to Defendant's discovery requests.

At the hearing conducted November 14, 2023, Plaintiff's counsel represented that Plaintiff only intends to rely on the medical records of Dr. Mustafa. These were provided to Defendant on November 11, 2023. Plaintiff is **PROHIBITED** from offering any other medical record in evidence at trial or in support of a motion unless Plaintiff produces and serves such medical record on counsel for Defendant **on or before November 17, 2023**. Permitting Plaintiff to rely upon documents that were not produced in discovery runs afoul of the Federal Rules of Civil Procedure and would unduly prejudice Defendant.

The Court **DENIES** Defendant's requests for an award of attorneys' fees and further sanctions requested in its Motion because it is not in the interest of justice at this time to sanction the Plaintiff or his counsel, based on the facts of discovery efforts presented to the Court. Fed. R. Civ. P. 37(a)(5)(A)(iii). The Court reserves the right to revisit the issue of sanctions if Plaintiff fails to comply with this Order fully and promptly.

Plaintiff **SHALL COMPLY** with this Order and deliver to Defendant (1) copies of the 53 emails shown in the screengrabs noted above and (2) all other documents in his possession and control that are responsive to Defendant's requests for production and complete responses to Defendant's interrogatories, which were the subject of Defendant's Motion to Compel, **on or before November 17, 2023**. Also by that date, Plaintiff shall promptly file proof of delivery.

It is so **ORDERED** on November 15, 2023.

_____
Hal R. Ray, Jr.
UNITED STATES MAGISTRATE JUDGE