# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF TEXAS
# FORT WORTH DIVISION

| | | |
|---|---|---|
| **PETER MEROLA,** | § | |
| *Plaintiff*, | § | |
| v. | § | Civil Action No. 4:23-cv-00389-O |
| | § | |
| **TEXAS CHRISTIAN UNIVERSITY** | § | |
| *Defendant.* | § | |

## DEFENDANT'S STATUS REPORT CONCERNING SETTLEMENT PAPERS AND REQUEST FOR COURT CONFERENCE

In response to this Court's Order dated January 23, 2024 [Dkt. 49] ("Order") and following Defendant's Report Concerning Settlement Papers and Request for Third Extension dated January 30, 204 (Dkt. 50], Defendant Texas Christian University ("Defendant") respectfully shows the Court as follows:

### I.  REQUEST FOR COURT CONFERENCE

Plaintiff Peter Merola ("Plaintiff") and Defendant (jointly, the "Parties") have been negotiating a formal settlement agreement for six weeks without resolution. Settlement papers were originally due to the Court on January 15, 2024 [Dkt. 45]. The Court has extended that deadline twice [Dkt. 47; Dkt. 49]. Despite Defendant's good faith efforts and multiple proposed revisions attempting to address Plaintiff's concerns, the Parties have not reached an agreement regarding certain terms within the proposed formal settlement agreement (namely, the neutral reference provision). The Parties' settlement papers are now over two weeks past due [Dkt. 49; *see also* Dkt. 50]. Accordingly, Defendant respectfully requests a telephonic conference with the Court to finalize language related to the neutral reference provision of the agreement.

### II.  BACKGROUND

1.  The Parties attended a full-day mediation on Friday, December 15, 2023. A

Mediated Settlement Agreement[1] which contemplated a full and complete release agreement to be executed at a later date was executed by the parties at the conclusion of the mediation.

2. On Monday, December 18, 2023, Defendant requested certain payment information from Plaintiff to be included in the full and complete release agreement.

3. Following receipt of certain payment information from Plaintiff on December 29, 2023, Defendant circulated a formal settlement agreement ("Agreement") for review and signature on January 5, 2024. Defendant also provided a "Supplier Qualification Form"[2] to be completed by Plaintiff and his counsel and returned to Defendant as required for issuance of the settlement checks. The Parties' ensuing communications are summarized below:

<u>Tues., January 9, 2024</u>:  Plaintiff requested certain changes to the Agreement.

<u>Thurs., January 11, 2024</u>: Plaintiff requested certain other changes to the Agreement.

<u>Mon., January 22, 2024</u>: After necessary internal review between certain departments of its organization, Defendant provided a revised version of the Agreement to Plaintiff.

<u>Thurs., January 25, 2024</u>: Plaintiff requested changes to three portions of the Agreement, including newly seeking to modify the indemnification provision provided to him on December 29, 2023.

<u>Fri., January 26, 2024</u>: Defendant responded by offering to remove a portion of the Agreement, and asked Plaintiff to clarify his request regarding indemnification.

<u>Mon., January 29, 2024</u>: In light of the Order directing the parties to file appropriate settlement papers no later than January 29, 2024, Defendant followed up with Plaintiff on Monday morning, again asking Plaintiff to provide a mark-up of the indemnification language sought by him. Defendant attached a revised Agreement incorporating removal of a certain portion of the

---

[1] Hereinafter, "MSA."
[2] Defendant requires a completed copy of its "Supplier Qualification Form" in order to issue payment to Plaintiff and his counsel.

Agreement as it had offered the preceding Friday, and implementing language to address Plaintiff's dissatisfaction with the neutral reference provision of the Agreement. Past noon on Monday, January 29, 2024, Plaintiff's attorney acknowledged receipt of Defendant's follow-up email, and stated she is in trial. At 3:51 p.m., Plaintiff rejected Defendant's revisions to the neutral reference section and requested certain changes. At 5:19 p.m. on January 29, 2024, Defendant repeated to Plaintiff why it cannot agree to Plaintiff's proposal for the neutral reference section (namely, concerns pertaining to control), and proposed an alternative solution (a neutral reference letter).

<u>Tues., January 30, 2024</u>: Plaintiff rejected Defendant's proposal of a neutral reference letter, bluntly telling Defendant to "stick to the MSA" without further suggestion. Defendant promptly provided a revised version of the Agreement, re-inserting language for the neutral reference that is in line with the MSA, and had been proposed to Plaintiff previously.

<u>Weds., January 31, 2024</u>: After business hours, Plaintiff suggested addition of certain neutral reference language.

<u>Mon., February 5, 2024</u>: The Parties exchanged emails regarding the status of Defendant's response to Plaintiff's proposed language.

<u>Tuesday, February 6, 2024</u>: Plaintiff returned two completed Supplier Qualification Forms to Defendant. Defendant proposed certain revisions to Plaintiff's proposed addition to the neutral reference paragraph to avoid confusion and ensure consistency with the rest of the Agreement. Defendant asked Plaintiff to return a signed copy of the Agreement by February 14, 2024, and communicated that Defendant would seek a conference with the Court if Plaintiff still will not agree to the revised Agreement.

<u>Monday, February 12, 2024</u>: Plaintiff informed Defendant that he is ill and sought "*some time to*

*get better and continue our discussions to finalize the settlement agreement.*" Defendant maintained its request for a signed copy of the Agreement by the end of February 14, 2024. In reply, Plaintiff's counsel wrote, "*At this point, we are requesting that we conference with the court as well. Last I heard, he was in the hospital but I will let you know.*"

4. Plaintiff has not returned an executed copy of the Agreement to date, and his counsel has not communicated with defense counsel further. Defendant now seeks a conference with the Court to finalize language related to the neutral reference provision in the Agreement.

Respectfully submitted,

*/s/ Molly Ann Lawrence*
Eva W. Turner
Texas Bar No. 24051485
eva.turner@ogletree.com
Molly Ann Lawrence
Texas Bar No. 24083365
mollyann.lawrence@ogletree.com
OGLETREE, DEAKINS, NASH, SMOAK & STEWART, P.C.
8117 Preston Road, Ste. 500
Dallas, Texas 75225
Tel: (214) 987-3800
Fax: (214) 987-3927

**ATTORNEYS FOR DEFENDANT**

## CERTIFICATE OF SERVICE

I certify that a true copy of this document was served in accordance with the Federal Rules of Civil Procedure on February 16, 2024.

/s/ *Molly Ann Lawrence*
Molly Ann Lawrence